**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7385**

_____

THOMAS STOUT, JR.,

               Plaintiff - Appellant,

     v.

S. A. CRAWFORD, Garner Police Department,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (5:15-ct-03091-D)

_____

Submitted:  January 27, 2016        Decided:  February 9, 2016

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Thomas Stout, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Stout, Jr., appeals the district court's order dismissing without prejudice* his 42 U.S.C. § 1983 (2012) complaint under 28 U.S.C. § 1915A(b)(1) (2012). Stout filed his complaint alleging claims against Officer Crawford in his individual and official capacities. The district court determined that Stout's complaint raised issues concerning the validity of the State's ongoing criminal case against Stout and, thus, should be dismissed under the principles of Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny.

Because it does not appear that Stout has been convicted of the state charges, we conclude that the district court's dismissal under Heck of Stout's claims against Crawford in his individual capacity is premature. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). However, with regard to Stout's claims against Crawford in his official capacity, we conclude that Crawford is not amenable to suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its official acting in their official capacities are 'persons' under § 1983."); see Ellis v. La.-Pac. Corp., 699 F.3d 778, 786 (4th Cir. 2012) ("This court is entitled to affirm the

---

* We have jurisdiction because Stout cannot cure the defect identified in his complaint by mere amendment. See Goode v. Cent. Va. Legal Aid Soc'y, 807 F.3d 619, 623-24 (4th Cir. 2015).

[district] court's judgment on alternate grounds, if such grounds are apparent from the record." (citation and internal quotation marks omitted)).

Accordingly, although we affirm the district court's dismissal of Stout's claims against Crawford in his official capacity, we vacate the district court's order dismissing Stout's claims against Crawford in his individual capacity and remand for further proceedings in light of <u>Wallace</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART,</u><br>
<u>AND REMANDED</u>